Curia, per O’Neall, J.
There are only two questions made in this cause, which require any judgment to be pronounced by the court. The first is, whether the road is a public one. The 33d sec. of the Act of 1827, 9 Stat. 577, authorizes the erection of a toll bridge, near Stark’s ferry over Broad River, and gives to Mrs. Stark and Mrs. McGowen, each, forty shares, as an equivalent for their respective ferries. Both these ferries, between which the bridge now stands, were approached by public roads which, (from the point- where the bridge road fell into them to the river,) when the bridge was opened were shut up. The bridge on the north eastern side of the river is connected by a short road of perhaps 100 yards with the old Mc-Gowen ferry road; and on the south western side, it unites with the same road, in 200 or 300 yards. This part of the road was laid out over the land of Mrs. Stark, now the property of the defendant. Whether any thing was paid by the Bridge Company for the land did not appear. The 38th sec. of the same Act, 9 Stat. 578, provides, “ that in case this company, (the stockholders in the bridge,) shall be under the necessity of using private property for the erection of the said bridge, or for connecting the same with the main road ; and in case the proprietor of the said land and the said company cannot agree as to the price, then the same shall be valued by five commissioners, or a majority of them, to be appointed by the Court of Equity or Common Pleas, in Richland district; and upon the pay *620 ment of the said valuation, by the said company, the land so valued shall vest in them, in fee simple.” This clause was merely intended to make the company bear the expense of purchasing the land over which the road ran, instead of the public. If indeed they paid for the land, (which I hardly think probable,) that did not make the road their private way. The land may belong to the company in fee, still the road is public. It has been by them opened according to law; has been dedicated to public use, and is one of the great thoroughfares, by which the country west of the Broad River approaches Columbia; — it is, therefore, essentially a highway. But it is supposed to be a road which the bridge company are bound to keep in repair. There is no such provision in the charter. It is a mere change or alteration of the public highway crossing at McGowen’s ferry to the bridge. This change the commissioners of roads for Lexington have sanctioned, by working the road. According to Smith vs. Kinard, (reported in a note to Jeter vs. Mann,) 2 Hill, 642, if a road be worked as a highway, by the commissioners of roads, it is evidence of its public character. I am, from all these considerations, per-* feetly satisfied, that the road is a public one.
The next question is whether the overseer had the legal right to use the earth and gravel, which he was about using when opposed by the defendant. The 16th sec. of the Act of ’25, 9 Stat. 562, provides, “ that the Commissioners of Roads, or either of them, according to their respective divisions, shall have full power to cut down and make use of any timber, wood, earth or stone, in or near the roads, bridges and causeways, for the purpose of making and repairing the same, as to them shall seem necessary; and if any person or persons, by themselves, slaves or servants, shall, by any ways or means, hinder, forbid or oppose the said commissioners of roads, or either of them, their servants or workmen, from cutting down or making use of any timber, wood or stone or earth, in or near the said roads, bridges or causeways, for the purpose of making or repairing the same, &c., every person, for every such offence, shall forfeit the sum of fifty dollars, to be recovered by indictment.” I have no doubt, where wood, stone or earth, *621 to any material extent, and which has not been heretofore used, in the manner now to be resorted to, is about to be used for the repair of a public road, that in such case, the commissioner himself, and not his overseer, must designate that which is to be used. But where, as in this case, the earth and gravel to be used, are taken out of an excavation in the bank alongside of the road, and from which such earth and gravel had been used for ten previous years, by those working the road, under the authority of the commissioners, there can be no necessity for the commissioner’s presence and authority to use them. It is presumed from previous use to have met his approbation and that of his predecessors, that the earth and gravel should be used for the repair of the road. In such a case, it is like taking earth out of the ditch or from the road itself for its repair. The motion is dismissed.
Richaedsokt, Evans, Waudlaw and FROst, JJ. concurred.